UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARESH MIRCHANDANI and INDRA MIRCHANDANI,<br><br>Plaintiffs,<br><br>v.<br><br>BMO HARRIS BANK, N.A. successor to M&I MARSHALL & ILSLEY BANK,<br><br>Defendant. | Case No.: 17-cv-2090-BTM-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 9]** |

Pending before the Court is Defendant BMO Harris Bank, N.A.'s motion to dismiss Plaintiffs Haresh Mirchandani's and Indra Mirchandani's Complaint. (Def.'s Mot. to Dismiss ("Def.'s MTD"), ECF No. 49.) On June 16, 2018, Plaintiffs filed what the Court will construe as an opposition to Defendant's motion to dismiss. (ECF No. 14.) For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

In 2014, Plaintiffs filed a complaint against Defendant in the Superior Court

of Arizona, County of Maricopa[1]. (Def.'s MTD, Ex. A.) Plaintiffs alleged that Defendant engaged in predatory lending when it issued their business, SS Quality Fuels LLC ("Quality"), a swap loan, as well as breached several loan agreements when it sold Quality's loans to TradeCor Desert Sky II, LLC. (Id. at 3–5.) Plaintiffs, the sole members of Quality, served as signatories to the loan agreements. (Id.) The Arizona Superior Court dismissed Plaintiffs' complaint with prejudice and held that Plaintiffs, as guarantors to the loan agreements, did not have standing to bring the lawsuit as the claims belonged to Quality. (Def.'s MTD, Ex. E at 4.) On appeal, the Arizona Court of Appeals affirmed the standing issue and a claim of judicial bias. (Id. at 11.) The Supreme Court of Arizona denied Plaintiffs' petition for review. (Def.'s MTD, Ex. G.)

On October 11, 2017, Plaintiffs initiated this action against Defendant alleging a 42 U.S.C. § 1983 violation. (Compl., ECF No. 1.) Plaintiffs allege that this action arises out of the dismissed state court action. (Compl. at 2.) Plaintiffs contend that the Arizona Superior Court did not follow the law when it dismissed their state court action against Defendant and should have recused because of a conflict of interest. (Id.) Plaintiffs petition this Court to overturn the Arizona Superior Court's decision and retry the case. (Compl. at 2–3.)

## II. DISCUSSION

Defendant moves to dismiss Plaintiffs' action, arguing that pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. In the alternative, Defendant argues that the Complaint fails to state a claim under FRCP 12(b)(6). Because

---

[1] Defendant requests that the Court take judicial notice of filings and court rulings from the underlying action in the Arizona state courts. (ECF No. 10.) Federal Rule of Evidence 201(b) permits a court to "judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Specifically, a court may take judicial notice of prior decisions and court records. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state court decisions and briefs in determining whether plaintiff's claims were barred by claim preclusion). Therefore, the Court grants Defendant's request for judicial notice of exhibits A through H.

the Court agrees with Defendant that it lacks subject matter jurisdiction, it need not reach the 12(b)(6) argument.

The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). *Rooker-Feldman* only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Corp.*, 544. U.S. 280, 284 (2005). The Ninth Circuit has provided the following guidance regarding the doctrine's role in federal courts:

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

*Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

As pled, Plaintiffs' lawsuit is a de facto appeal of the Arizona state courts' decisions. Plaintiffs allege that the Arizona state court did not follow the law and was conflicted because Defendant made a contribution to Judge David Udall's cousin's campaign. (Compl. at 2.) Plaintiffs allege that this "corruption" constitutes a section 1983 violation. (Id.) As a remedy, Plaintiffs request that this Court "overturn" the Arizona state court decisions and retry the merits of the case. As the Ninth Circuit notes, *Rooker-Feldman* bars this exact lawsuit. *Noel*, 341 F.3d at 1164.

Accordingly, the Court lacks subject matter jurisdiction over this action and Defendant's motion to dismiss is granted.

//

# III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 9) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: July 16, 2018

*Barry Ted Moskowitz*

Barry Ted Moskowitz, Chief Judge
United States District Court